Filed 6/6/16  P. v. Epstein CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOSHUA MICHAEL EPSTEIN,<br><br>    Defendant and Appellant. | C079456<br><br>(Super. Ct. No. CM041867) |

Following his no contest plea to voluntary manslaughter (Pen. Code, § 192, subd. (a)),[1] the trial court sentenced defendant Joshua Michael Epstein to prison for the upper term of 11 years.  On appeal, defendant contends the trial court abused its discretion in selecting the upper term.  We disagree and shall affirm.

---

[1] Undesignated statutory references are to the Penal Code.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In August 2014 a verbal altercation between defendant and Randall Sexton occurred inside a 7-Eleven store. After defendant and Sexton left the store, the altercation continued in the parking lot. Defendant and Sexton stood face to face and shoved each other. When defendant's girlfriend, Stephanie Vogel, attempted to intervene, Sexton repeatedly slapped Vogel in the face. Vogel responded by striking Sexton in the upper body with a skateboard. Defendant then stabbed Sexton in the chest with a knife. While Sexton was on the ground, Vogel hit him with a skateboard several more times.

Sexton was transported by ambulance to a hospital where he was pronounced dead about an hour later. The attending physician determined that the stab wound inflicted by defendant punctured a critical area of Sexton's heart, causing him to bleed internally. An autopsy confirmed that Sexton died from a stab wound to the chest.

In September 2014 a complaint was filed charging defendant with murder. (§ 187, subd. (a).) It was further alleged that defendant had used a deadly weapon in the commission of the crime. (§ 12022, subd. (b)(1).) In December 2014 the trial court found defendant incompetent to stand trial, and ordered that he be delivered to Napa State Hospital for treatment. In February 2015 the Napa State Hospital determined that defendant was competent to stand trial. In March 2015 the trial court found defendant competent to stand trial.

Following his no contest plea to voluntary manslaughter (§ 192, subd. (a)), the trial court sentenced defendant to the upper term of 11 years in prison. In doing so, the court found that the circumstances in aggravation outweighed the circumstances in mitigation.

Defendant filed a timely notice of appeal.

## DISCUSSION

Defendant contends the trial court erred by selecting the upper term of 11 years in prison. According to defendant, the trial court abused its discretion in finding that the circumstances in aggravation outweighed the circumstances in mitigation. We disagree.

The present sentencing scheme affords a trial court broad discretion and its sentencing decision is reviewed for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) "The trial court's sentencing discretion must be exercised in a manner that is not arbitrary and capricious, that is consistent with the letter and spirit of the law, and that is based upon an 'individualized consideration of the offense, the offender, and the public interest.' [Citation.] As under the former scheme, a trial court will abuse its discretion under the amended scheme if it relies upon circumstances that are not relevant to the decision or that otherwise constitute an improper basis for decision. [Citations.] A failure to exercise discretion also may constitute an abuse of discretion." (*Id.* at pp. 847-848.)

When making sentencing decisions, trial courts have wide discretion in weighing aggravating and mitigating factors. (*People v. Avalos* (1996) 47 Cal.App.4th 1569, 1582.) The trial court may rely on any aggravating or mitigating circumstances reasonably related to its sentencing decision. (Cal. Rules of Court, rule 4.420(b).)[2] A single valid aggravating factor justifies the upper term (*People v. Black* (2007) 41 Cal.4th 799, 815), and the trial court need not explain its reasons for rejecting alleged mitigating circumstances (*Avalos,* at p. 1583). We must affirm the trial court's sentencing choice unless it was arbitrary or irrational. (*Id.* at p. 1582.)

We conclude the trial court did not abuse its discretion in selecting the upper term of imprisonment. The trial court found numerous valid aggravating circumstances that

---

[2] Undesignated rule references are to the California Rules of Court.

justify the upper term: (1) the victim was particularly vulnerable because he confronted two assailants armed with weapons (rule 4.421(a)(3)); (2) the crime involved great violence and a high degree of cruelty and viciousness (rule 4.421(a)(1)); (3) defendant engaged in violent conduct, indicating that he is a serious danger to society (rule 4.421(b)(1)); (4) defendant used a weapon in the commission of the crime (rule 4.421(a)(2)); (5) defendant's prior convictions as an adult are numerous and of increasing seriousness (rule 4.421(b)(2)); (6) defendant's prior performance on probation was unsatisfactory (rule 4.421(b)(5)); and (7) defendant was on probation at the time of the present offense (rule 4.421(b)(4)).[3] The trial court also noted that defendant denied using a knife to stab the victim.

We reject defendant's contention that the trial court's selection of the upper term was an abuse of discretion in light of his mental condition, "sad family background,"[4] and the circumstances of the offense, i.e., he acted in response to the aggressive acts of the victim. The record does not establish that defendant was suffering from a mental condition *that significantly reduced his culpability for the crime*. (Rule 4.423(b)(2).) The competency evaluation by Paul Wuehler, Ph.D., indicated that defendant was suffering from a mental disorder that required treatment with antipsychotic medication.[5] However, nothing in the record demonstrates that defendant's mental condition was a

---

[3] In mitigation, the trial court found that the victim initiated the altercation and acted as an aggressor. (Rule 4.423(a)(2).)

[4] At age four, defendant became a ward of the state. At age five, he was diagnosed with bipolar disorder and manic depression. When he was nine or 11, he was "grazed" in the head by a bullet. According to defendant, he lived in over 20 different foster homes as a child.

[5] Defendant does not take psychotropic medication for his mental health issues because he feels they are not effective. Instead, he uses marijuana, methamphetamine, and alcohol to cope with his psychiatric symptoms. He also admitted to drinking "four fifths" of whiskey per day, and that he drank alcohol to cope with his psychiatric symptoms.

mitigating circumstance, and defendant did not present expert testimony on this issue at sentencing. The record reflects that, after being declared incompetent by the trial court, the medical director of the Napa State Hospital prepared a report stating that defendant was suffering from unspecified bipolar and related disorder, antisocial personality disorder, severe amphetamine use disorder, and moderate alcohol use disorder. The report stated that defendant attributed his behavior, speech, and mood at the competency evaluation to his 10-month methamphetamine "binge" and his realization of the gravity of the charge against him. The report concluded that defendant did not meet the criteria for a manic episode, a major depressive episode, or a mood disorder, and there was insufficient evidence to diagnose him with a neurodevelopmental or neurocognitive disorder. The report noted that given the information provided by defendant and his lack of symptoms since his admission to the hospital, it was unclear whether defendant had experienced mood symptoms in the absence of substance abuse.[6]

We are not persuaded that the remaining factors cited by defendant in mitigation demonstrate that the trial court erred in selecting the upper term. A defendant's upbringing is not among the enumerated circumstances in mitigation set forth in the rules of court. (See rule 4.423.) But even assuming defendant's upbringing is a mitigating circumstance, we cannot say that this factor and the mitigating fact that the victim initiated the altercation and acted as an aggressor (rule 4.423(a)(2)) clearly outweighed the numerous aggravating circumstances such that the trial court abused its broad discretion in sentencing defendant. Accordingly, we find no sentencing error.

---

[6] Defendant does not argue that his long-term substance abuse problem was a mitigating factor. But even if he had, such an argument would lack merit. (See *People v. Reyes* (1987) 195 Cal.App.3d 957, 963-964 [when a defendant has a substance abuse problem, and the defendant has failed to deal with the problem, shows little or no motivation to change his life style, and the substance abuse problem is a substantial factor in the commission of crimes, the need to protect the public from further crimes by that individual suggests that a longer sentence should be imposed, not a shorter sentence].)

## DISPOSITION

The judgment is affirmed.

_____/s/_____
Blease, Acting P. J.

We concur:

_____/s/_____
Duarte, J.

_____/s/_____
Hoch, J.